# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUAN F. PEREZ,**

    **Plaintiff,**

**vs.**                                      **Case No. 4:17cv574-WS/CAS**

**JULIE L. JONES, et al.,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION

After reviewing Plaintiff's initial complaint, ECF No. 1, a Report and Recommendation was entered, ECF No. 6, noting that Plaintiff's initial complaint was brought against the Florida Department of Corrections for monetary damages.  The Report and Recommendation explained that neither the State nor its agencies or officials acting in their official capacities could be sued for monetary damages and it was recommended that this case be dismissed.  ECF No. 6.  Thereafter, the pro se Plaintiff was given leave to amend his complaint, *see* ECF No. 11, and the initial Report and Recommendation, ECF No. 6, was vacated.  ECF No. 14.

The case moved forward with Plaintiff eventually filing a fourth amended, ECF No. 27, and service was directed. In that version of his complaint, Plaintiff sued five named Defendants in both their official and individual capacities. *Id.* at 1, 3. After attempting to unravel issues with service of process and a deceased Defendant, another Report and Recommendation was entered in this case on March 25, 2019, ECF No. 43, once again based on Eleventh Amendment immunity. There, it was explained once again that under well-established principles of law, a § 1983 complaint may not be brought against state officials in their official capacities for monetary damages. *Id.* at 4 (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985)). That Report and Recommendation also noted that, even though Plaintiff was only seeking monetary damages, any request for injunctive relief (if one had been made) could not be granted because Plaintiff was no longer housed at Holmes Correctional Institution. *See* ECF No. 43 at 6.

Four days later, Plaintiff filed a motion requesting leave to file an amended complaint. ECF No. 44.[1] Plaintiff also submitted a proposed fifth

---

[1] Plaintiff's motion was given to prison officials for mailing on March 29, 2019. ECF No. 44 at 3. It is possible, but not likely that Plaintiff had received the March 25, 2019, Report and Recommendation, ECF No. 43, prior to submitting that motion.

amended complaint with his motion as required by Local Rule 15.1. ECF No. 45. After review, a Second Report and Recommendation was entered on April 4, 2019, explaining that Plaintiff was continuing to seek monetary damages against Defendants in their official capacities and such relief was barred. ECF No. 46. Because permitting that amendment would not move this case forward or enable the efficient administration of justice, it was recommended that Plaintiff's motion, ECF No. 44, be denied. ECF No. 46.

After being granted additional time in which to file objections, ECF Nos. 47-48, Plaintiff has now filed another motion requesting leave of court to file a fifth amended complaint, ECF No. 52, and the proposed amended pleading. ECF No. 53. Accordingly, Plaintiff's earlier motion requesting leave to amend, ECF No. 44, has been denied as moot in a separate order entered this day. In addition, the First and Second Reports and Recommendations, ECF Nos. 43 and 46, are vacated. This Third Report and Recommendation is entered instead.

Plaintiff's proposed fifth amended complaint seeks to name five Defendants in both their individual and official capacities. ECF No. 53 at 1. Plaintiff contends that while on the recreation yard of Holmes Correctional Institution in December of 2016, he was stabbed by another inmate. *Id.* at

6.  Plaintiff alleges that no correctional officers were present at the time in the pavilion area, but as he turned the corner of the pavilion, he encountered Defendants Baker and Brown. *Id.* at 6-7. They responded and provided assistance to Plaintiff.

Plaintiff alleges that security is inadequate in "blind spot" areas and that officials knew of a "high risk" of inmate violence at Holmes Correctional Institution and other prisons. *Id.* at 7. He alleges that not only were no officers present, they were no mirrors or cameras in place to monitor that "blind spot." *Id.* at 9. Plaintiff also contends that as Secretary of the Florida Department of Corrections, Defendant Julie Jones is responsible for inmate safety. *Id.* at 7. He claims that Defendants Summers (the warden) and Malloy (colonel of security) were responsible for implementing the Secretary's safety procedures. *Id.* Finally, Plaintiff claims that Defendants Baker and Brown must carry out those procedures on the prison compound. *Id.* He alleges that Defendants Baker and Brown were "negligent in their duties and conduct" which resulted in Plaintiff's harm. Plaintiff alternatively alleges that Defendants were either negligent in providing for his safety, or deliberately indifferent, *Id.* at 9, and he states

that discovery will substantiate his claims and show the increasing number of incidents of "inmate on inmate" violence. *Id.* at 10.

Plaintiff now seeks injunctive relief, to include the installation of cameras or mirrors and having officers located at all "blind spots" throughout all Florida institutions, and to implement training for officers to report "blind spots." *Id.* at 13-14. Plaintiff also seeks the termination of Defendants Baker and Brown's employment, and other supervisors who "failed in their capacity to insure" Plaintiff's safety. *Id.* at 14. Additionally, Plaintiff continues to seek millions of dollars in compensatory and punitive damages against each Defendant. *Id.* at 15.

To the degree Plaintiff seeks monetary damages from the Defendants[2] in their official capacities, those claims must be dismissed. Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh

---

[2] Although Plaintiff's complaint names only Julie L. Jones as a Defendant, Mark S. Inch was previously substituted in her place pursuant to Rule 25(d) after he was named Secretary of the Department of Corrections. ECF No. 29.

Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

The first two exceptions to Eleventh Amendment immunity are through waivers of sovereign immunity.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity.").  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."  Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254, 131 S. Ct. 1632, 1638, 179 L. Ed.

2d 675 (2011). Congress did not abrogate a state's immunity when enacting § 1983, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor has Florida waived its immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

A third exception is through Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court). Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999). The Ex parte Young exception holds that a state official who enforces state law which conflicts with the superior authority of the federal Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." Stewart, 563 U.S. at 254, 131 S. Ct. at 1638. Accordingly, determining whether this exception applies requires answering a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and

seeks relief properly characterized as prospective." 563 U.S. at 255, 131 S. Ct. at 1639 (citations omitted).

Here, Plaintiff has included a request for prospective injunctive relief,[3] although his proposed fifth amended complaint does not provide factual allegations which reveal that he is facing an ongoing danger from "blind spots." ECF No. 53. Rather, Plaintiff's complaint presents factual allegations which are based entirely on the events from 2016; there are no allegations of ongoing issues. Plaintiff does not allege that his current institution has "blind spots" nor does he provide facts which reveal this is an issue at any other correctional institutions.

Furthermore, Plaintiff's complaint states only that Defendants "knew or should have known the danger of 'blind spots,' but disregarded an excessive risk to" inmate safety. ECF No. 53 at 12. It is not enough to assert that Defendants "should have known." See Averhart v. Warden, 590 F. App'x 873, 875 (11th Cir. 2014) (citing Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582-83 (11th Cir. 1995) and noting that "[a] prison official's failure to prevent inmate-on-inmate violence may constitute deliberate indifference, if

---

[3] Plaintiff is no longer housed at Holmes Correctional Institution. He is now incarcerated at the Graceville Correctional Facility. ECF No. 53 at 2. Plaintiff states that he is seeking injunctive relief which is applicable throughout the state. *Id.* at 13.

the prison official knew there was a substantial risk of serious harm and then knowingly or recklessly disregarded that risk.").

The Eleventh Circuit reiterated in Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014), that an Eighth Amendment claim requires showing that a defendant was "subjectively aware" of a "substantial risk of serious harm," yet failed to respond reasonably. *See also* Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (cited in Caldwell, 748 F.3d at 1099). Plaintiff does not have to show that a Defendant intended for him to be harmed, but the complaint must contain factual allegations which reveal that the Defendant was aware of a substantial risk of harm yet failed to act. Averhart, 590 F. App'x at 875 (noting that a plaintiff is required "to demonstrate that the prison official possessed both knowledge of the danger and the means to cure it"). Plaintiff has not done so. Plaintiff's complaint provides no allegations that any named Defendant was aware of a significant risk of harm to Plaintiff. Rather, Plaintiff's assertion that Defendants knew of the risk of harm is conclusory. Averhart, 590 F. App'x at 874 (pointing out that a contention that "defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is

insufficient to preclude dismissal").  Therefore, because Plaintiff's proposed fifth amended complaint is insufficient to allege an ongoing violation of federal law in providing safety to inmates, there is no basis to seek prospective injunctive relief.  The claims brought against the Defendants in their official capacities should be dismissed.

Furthermore, there is a distinction between individual capacity and official capacity claims:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).

Kentucky, 473 U.S. at 165–66, 105 S. Ct. at 3105.  To proceed with an individual capacity claim against Defendants Jones, Summers, and Malloy, Plaintiff must allege facts showing how they were personally involved, but he has not done so.  Plaintiff claims that Defendant Jones is "responsible for the overall safety of all incarcerated individuals in the Department of Corrections."  ECF No. 53 at 7.  He claims that Defendants Malloy and Summers are responsible for implementing "'training and safety measures'

on the institutional level." *Id.* Those assertions fall short of alleging personal involvement and are insufficient.

The Eighth Amendment prohibits prohibit deliberate indifference to an inmate's health or safety. Hope v. Pelzer, 536 U.S. 730, 737-38, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002) (cited in Averhart, 590 F. App'x at 875). "A prison official acts with deliberate indifference when he consciously disregards an excessive risk to a prisoner's health or safety." Farmer v. Brennan, 511 U.S. 825, 835-37, 114 S.Ct. 1970, 1978-79, 128 L.Ed.2d 811 (1994) (cited in Averhart, 590 F. App'x at 875). "Prison officers are not guarantors of prisoner safety." 590 F. App'x at 875. Plaintiff has provided no factual allegations against Defendants Jones, Summers, or Malloy which would support an individual capacity claim. Thus, Plaintiff's claims against those Defendants should be dismissed.

As for Plaintiff's claims against Defendants Baker and Brown, the fifth amended complaint is also insufficient to proceed. Plaintiff does not allege that those Defendants had been advised that he was in danger. Indeed, there is no indication that Plaintiff even knew he was at risk of harm. Plaintiff states that he was transferred to Holmes Correctional Institution in November 2016 and the attack occurred on December 24, 2016. ECF No.

53 at 6.  His complaint does not suggest that he had been previously threatened or felt unsafe.  Moreover, Plaintiff has not pointed to any prior incidents which would suggest that Defendants were aware of the need to monitor the area around the pavilion or that they knew of a "blind spot" which posed an excessive risk of danger.  Because Plaintiff does not allege facts which demonstrate that Defendants Baker and Brown were subjectively aware of a significant risk of harm to Plaintiff from another inmate, these claims are insufficient.

Beyond the Eighth Amendment claims, Plaintiff's proposed complaint also asserts that Defendants were negligent.  However, negligent conduct, even though it causes injury, is not an actionable constitutional deprivation under § 1983.  County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Allegations that Defendants were negligent are insufficient on their face.  Averhart, 590 F. App'x at 875 (stating that "negligence is insufficient to support a finding of deliberate indifference").  Thus, the fifth amended complaint, ECF No. 53, should be dismissed for failure to state a claim.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's fifth amended complaint, ECF No. 53, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**